# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT FERGUSON, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:12-cv-01450 (VLB) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| JOHNSON MEMORIAL HOSPITAL, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | DECEMBER 27, 2012 |

## PLAINTIFF'S NOTICE OF FILING AMENDED COMPLAINT

The plaintiff hereby files his amended complaint, which reflects plaintiff's receipt of a right to sue letter from the EEOC and release of jurisdiction from the CHRO.

THE PLAINTIFF,


/s/ James V. Sabatini
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/ James V. Sabatini
James V. Sabatini

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT FERGUSON, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:12-cv-01450 (VLB) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| JOHNSON MEMORIAL HOSPITAL, | : | |
| INC., | : | |
| | : | |
| Defendant. | : | DECEMBER 27, 2012 |

**Jury Trial Demanded**

## FIRST AMENDED COMPLAINT

Plaintiff, Scott Ferguson, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a Connecticut citizen residing in the Town of Broad Brook.

2. Defendant, Johnson Memorial Hospital, Inc. is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 201 Chestnut Hill Road, Stafford Springs, Connecticut.

3. At all times material, plaintiff was an employee within the meaning of the Americans With Disabilities Act of 1990 (ADA).

4. At all times material, defendant was an employer within the meaning of the ADA.

5. At all times material, plaintiff was covered employee under the

FMLA.

6.  At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2010 in an industry affecting interstate commerce.  Accordingly, defendant was an employer covered by the FMLA.

7.  At all times material, plaintiff was an employee under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

8.  At all times material, defendant was an employer under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

## JURISDICTION AND VENUE

9.  The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the American With Disabilities Act of 1990, cited as 42 U.S.C. §12101; and the FMLA.

10.  This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11.  The Court has pendent jurisdiction over the state law claim.

## GENERAL ALLEGATIONS

10.     Plaintiff suffers from heart related medical problems including non-ischemic cardiomyopathy.

11.     Plaintiff required hospitalization and medical treatment for his disability.

12.     Defendant was aware of plaintiff's disability during the time he

was employed by the defendant.

13.     In 2011, plaintiff required and took a medical leave of absence for his disability.

14.     Plaintiff was scheduled to return from his medical leave of absence on or about October 17, 2010.

15.     Defendant calendared plaintiff's medical leave of absence as being from September 1, 2010 through October 17, 2010.

16.     Plaintiff was scheduled for work by the defendant following the end of his medical leave of absence.

17.     Defendant received medical notes from plaintiff's physician regarding his medical condition and his need for medical leaves of absences.

18.     Defendant failed to reinstate the plaintiff to his job following the conclusion of his medical leave of absence.

19.     Defendant sent a letter dated October 8, 2010 to the plaintiff which stated in part that his was employment was terminated as a result of job abandonment.

20.     Plaintiff did not abandon his job with the defendant.

21.     On or about October 12, 2010, plaintiff contacted the defendant concerning the October 8, 2010 letter.

22.     Defendant recorded plaintiff's termination dated as October 13, 2010.

23.     Plaintiff's medical leave of absences constitute a reasonable

accommodation under the ADA and/or the Connecticut Fair Employment Practices Act.

24.     Plaintiff can perform the essential functions of his job with or without a reasonable accommodation.

25.     Any and all excuses offered by the defendant for all adverse employment actions taken against the plaintiff including termination are a pretext to mask one or more of the following unlawful motivating factors – disability discrimination, discrimination for requiring a reasonable accommodation, interference with plaintiff's exercise of his rights under the FMLA, and FMLA discrimination.

26.     Plaintiff filed charges on or about following date: February 16, 2011 with the Equal Employment Opportunity Commission (EEOC).

27.     Plaintiff received a right to sue letter from the EEOC on October 17, 2012 (attached hereto as Exhibit 1).

28.     Plaintiff filed charges on the following date: February 12, 2012, with the Commission on Human Rights and Opportunities (CHRO).

29.      Plaintiff received a release of jurisdiction from the CHRO on November 14, 2012 (attached hereto as Exhibit 1).

## FIRST COUNT

### (Disability Discrimination In Violation Of The ADA)

1.     Plaintiff repeats the allegations in paragraphs 1 through 29 above as if fully incorporated herein.

30.     Defendant's actions violate the Americans With Disabilities

Act of 1990 as amended, which prohibits discrimination on the basis of disability.

31.     Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability

(b)     In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant discriminated against the plaintiff for needing a reasonable accommodation in the form of light duty;

(e)     In that defendant discriminated against the plaintiff for needing a reasonable accommodation in the form of medically related absences to receive medical treatment and care for his disability;

(f)     In that defendant terminated plaintiff's employment.

32.     As a direct and proximate result of defendant's unequal treatment and discrimination plaintiff has been deprived of equal employment opportunities and employment.

33.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he

was entitled under defendant's employee benefit plan.  Plaintiff has also lost or will lose in the future payment of bonus earnings, pension/retirement benefits, and interest.

34.     As a further result of defendant's discriminatory conduct, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

35.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

36.     Defendant's conduct towards the plaintiff was arbitrary and discriminatory  all in violation of the ADA.  The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by discriminating against the plaintiff on the basis of his disability.

## SECOND COUNT

### (Interference with Exercise of FMLA Rights, FMLA Discrimination/Retaliation)

1.  Plaintiff repeats the allegations of paragraphs 1 through 36 above as if fully incorporated herein.

37.     This claim is brought under the Family Medical Leave Act of 1993 (FMLA).

38.     As a result of plaintiff's medical condition, plaintiff consulted health care providers and was placed under the care of physicians. Plaintiff received medical care and treatment for his medical condition.

39.     Plaintiff's heart condition is a serious health condition as that term is defined by the FMLA.

40.     Defendant, by and through its employees and/or agents, violated plaintiff's rights under the FMLA in one or more of the following ways:

(a)     by terminating the plaintiff;

(b)     by retaliating/discriminating against the plaintiff for taking medical leave;

(c)     by treating plaintiff adversely different than other similarly situated employees;

(d)     by using the medical leave of absences as a motivating factor in terminating plaintiff's employment;

(e)     by failing to reinstate plaintiff's employment.

41.     As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff sustained damages, including but not limited to: lost wages, lost promotions, lost bonuses, lost earning capacity, loss benefits and other expenses and losses that would not otherwise have been incurred.

42.     Defendant failed to act in good faith.

## THIRD COUNT

**(Disability Discrimination In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)**

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 42 as though fully set forth herein.

43.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant discriminated against the plaintiff for needing a reasonable accommodation in the form of light duty;

(e)     In that defendant discriminated against the plaintiff for needing a reasonable accommodation in the form of medically related absences to receive medical treatment and care for his disability;

(f)     In that defendant terminated plaintiff's employment.

44.     In that defendant intentionally discriminated against the plaintiff because the defendant knew the plaintiff had a disability, knew that the plaintiff requested a reasonable accommodation and that the defendant knew or should have known of its legal obligations under the laws protecting disabled employees, yet defendant failed to act in good faith in complying with the law.

45.     As a direct and proximate result of defendant's violations of Connecticut Fair Employment Practices Act C.G.S. §46a-60, plaintiff has

sustained damages including lost wages and benefits, has been humiliated

and embarrassed, and has suffered mental anguish and emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: compensatory damages; damages for back pay; front pay, bonuses, personal days; loss pension/retirement benefits; emotional distress; liquidated damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: December 27, 2012

/s/ James V. Sabatini
James V. Sabatini, Esq.
Fed. No.:  CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT 1**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Scott Ferguson**
COMPLAINANT

CHRO No. 1140271
EEOC No. 16A-2012-00602

VS.

**Johnson Memorial Hospital**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.

The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

October 15, 2012
DATE

Robert J. Brothers, Jr.
Executive Director

Service:
Complainant's Attorney: Vincent F. Sabatini, via email: sa@sabatinilaw.com
Respondent's Attorney: Adam T. Boston, via email: aboston@reidandriege.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Scott Ferguson**
**45 Broad Brook Road**
**Broad Brook, CT 06016**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2011-00602** | **Anne R. Giantonio,** **Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Robert L. Sanders,**
**Area Office Director**

Enclosures(s)

**OCT 1 2 2012**

*(Date Mailed)*

cc:

**JOHNSON MEMORIAL HOSPITAL, INC**
**201 Chestnut Hill Road**
**Stafford Springs, CT 06076**

**James V. Sabatini**
**One Market Square**
**Newington, CT 06111**